## (January 30, 1964)

■ SANDE ROCKE AND COMPANY, INC., Respondent, v. JOSEPH ROSEN, Defendant. LILLIAN ROSEN, as Trustee of JOSEPH ROSEN, Appellant.— Appeal from order entered on August 16, 1963 unanimously dismissed, without costs. No opinion. Order, entered on June 19, 1963, denying motion to intervene as trustee and to vacate default of defendant Joseph Rosen unanimously affirmed, without costs to any party, but without prejudice to the making of an appropriate motion at Special Term by a proper party, if so advised, under section 1201 and rule 1202 of the Civil Practice Law and Rules, and in that connection to apply for any relief in the nature of discovery which may be deemed appropriate. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ LAWRENCE COHEN, Respondent, v. JEREMIAH BOYKIN et al., Appellants.— Order, entered February 7, 1963, denying defendants' motion to dismiss for lack of prosecution, unanimously affirmed, with $20 costs and disbursements to the respondent. It is true that an inordinate and inexcusable delay in service of a complaint in an action constitutes good ground for dismissal of the action for lack of prosecution. (See CPLR 3012, 3216; also, *Marshall Field & Co.* v. *Stern & Herff Corp.,* 15 A D 2d 889, and cases cited; *Burke,* v. *City of New York,* 18 A D 2d 898, and cases cited.) The state of the record here, however, is not such as to justify our interference with the discretion reposed in Special Term in the matter of this type of motion. The moving affidavit is most inadequate and confusing. While it is stated therein that the plaintiff waited 19 months after commencing the action before service of a complaint, the defendants' affidavit does not show when they served a notice of appearance and a demand for the complaint (plaintiff says the notice of appearance was interposed 10 months after service of the summons). Furthermore, the dates given in the affidavit indicate that the action was commenced in April and the complaint served in November of the same year. Finally, we are not told if or why defendants accepted service of the complaint in view of plaintiff's alleged long-standing default in serving it, nor when defendants' answer was served (an answer, dated Feb. 28, 1963, however, appears in the record). Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.